## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TUNG CAM MA,

        Petitioner,

    v.

WARDEN LEONARDO ODDO; *et al.*,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

NO. 3:26-CV-117

## <u>ORDER</u>

Petitioner Tung Cam Ma, a native of Vietnam, came to the United States in 1979.  ECF 7 at 2.  In 2001, the Board of Immigration Appeals affirmed a final order of removal for Mr. Ma.  *Id.* at 3.  Because Vietnam refused to accept Mr. Ma, the government never deported him.  ECF 1 at 7.  Since 2007, Mr. Ma has been free from detention and under an Order of Supervision.  ECF 7 at 3.

In 2025, the government decided to try again to deport Mr. Ma to Vietnam. ICE detained Mr. Ma and revoked his Order of Supervision on July 29, 2025.  Mr. Ma has been detained since then.  As of the filing of this conditional writ, Mr. Ma has yet to be deported.  Mr. Ma filed this petition challenging the lawfulness of his continued detention.

The pending habeas petition presents a so-called "*Zadvydas* claim."  *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).  As the Supreme Court held in *Zadvydas*, while the law permits an alien's detention, it doesn't do so indefinitely.  There is a "reasonable time" limitation to an alien's detention.  *See id.  Zadvydas* created a burden-shifting framework for determining whether detention has become unreasonable.  After six months' detention, a petitioner may show that there is "no significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 701.  It

is then on the government "to respond with evidence sufficient to rebut that showing." *Id.* If the government cannot demonstrate that removal will happen in the reasonably foreseeable future, then Section 1231(a)(6) no longer authorizes that petitioner's detention. *Id.* Under this framework, the Court finds that Mr. Ma's detention is no longer authorized.

Here, Mr. Ma has met his initial "burden" for the same reason that the government has failed to meet its: after more than nine months' detention, Vietnam refused to issue the necessary travel document and accept Mr. Ma. ECF 14 at 2; ECF 13 at 2. The government concedes that removal to Vietnam is no longer feasible. ECF 13 at 2. But the government continues to detain Mr. Ma, now pivoting to attempt to deport Mr. Ma to China. *Id.* at 3.

The government has failed to show why removal to China is significantly likely in the reasonably foreseeable future. The government rests its argument (and burden) on "the reasons set forth in [its] response (Doc. No. 7) and [its] current efforts to remove [Mr. Ma] (Ex. 1 ¶¶ 1–5)." *Id.* Taking these in turn, the Court finds that neither sufficiently rebuts Mr. Ma's showing that his removal isn't likely to happen anytime soon.

First, the government's original response brief (ECF 7) does not rebut Mr. Ma's showing. In March, the government assured the Court that ICE is working on Mr. Ma's deportation to Vietnam and that "there is a significant likelihood of his removal in the reasonably foreseeable future." ECF 7 at 9–10. In April, an important change in fact happened—ICE is no longer trying to deport Mr. Ma to Vietnam because Vietnam won't accept him. ECF 13-1 at 2. So the "reasons set forth in [the government's] response" no longer apply, yet the government urges the Court to rely on its response now. That's not good enough to rebut Mr. Ma's showing under *Zadvydas*. The Court notes that, unlike before, the government was unable to

represent in its latest filing that "there is a significant likelihood of his removal in the reasonably foreseeable future."

Second, the government argues that its attached exhibit should satisfy the *Zadvydas* framework. It doesn't. The attached exhibit is the declaration of an ICE deportation officer assigned to Mr. Ma's case. There, she tells the Court about the paperwork ordered from Mr. Ma and from his "parents [sic] A files" "to determine if his father was born in China." *Id.* at 2–3. The Court accepts as true that ICE is attempting to gather paperwork to effectuate Mr. Ma's removal to China. But that doesn't demonstrate that China is likely to accept Mr. Ma and ICE will likely deport him in the reasonably foreseeable future. And the Court has concerns that this will drag on because the government is attempting to deport Mr. Ma, not to his home country of Vietnam, but to China, where he has, at most, a tenuous connection.[1]

*****

In sum, the government hasn't sufficiently rebutted Mr. Ma's showing that his removal isn't likely in the reasonably foreseeable future. The government has had a final order of removal for Mr. Ma since 2001, has had an order of supervision on Mr. Ma since 2007, has held him in detention since July 2025, and has now failed to deport Mr. Ma to Vietnam on two separate occasions.

The Court **HEREBY GRANTS** Mr. Ma's writ, ordering his immediate release from detention because Section 1231(a)(6) no longer authorizes his detention. To be clear, this order is without prejudice to the government re-detaining Mr. Ma under

---

[1] According to Mr. Ma, he has never lived in China and has lived in the United States since the age of two, when his parents emigrated from Vietnam. ECF 14 at 2. Mr. Ma's father was an orphan living on the streets of Vietnam. *Id.* Mr. Ma's father was adopted by Chinese refugee farmers who had fled to Vietnam. *Id.* That's not to say that the government cannot deport Mr. Ma to China under Section 1231(b)(1)(C). But it informs the Court's analysis on whether Mr. Ma's removal is significantly likely to happen in the reasonably foreseeable future to a country where Mr. Ma's ties are sparse at best.

Section 1231(a)(6) once his removal has been approved by China and removal is imminent.  In the interim, Mr. Ma will be subject to supervision under Section 1231(a)(3) and must still comply with all conditions of supervision.  It is so ordered.[2]

DATED this 18th day of May, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] In her declaration, the ICE officer contends that Mr. Ma "has refused to cooperate in the completion of the [travel document] application" to China.  ECF 13-1 at 2.  Mr. Ma, for his part, responds that ICE is threatening either criminal prosecution or "the hole" on Mr. Ma "if he refuses to sign documents manufacturing a Chinese citizenship."  ECF 14 at 1.  The Court doesn't need to resolve this dispute.  True, Mr. Ma may not improperly create roadblocks to his own removal and then claim that his detention is unreasonably prolonged. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 212 (3d Cir. 2020).  But this doesn't foreclose relief here.  Rather, upon release, Mr. Ma would be subject to conditions of supervision under Section 1231(a)(3), including requirements that he must complete necessary documentation and cooperate with the government. *See* § 1231(a)(3)(C).